IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NELSON ALVAREZ,

    Petitioner,

v.                                           CASE NO. 5:11-cv-375-MP-GRJ

IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    This case is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  Petitioner is in the custody of the Florida Department of Corrections ("FDOC") at Apalachee Correctional Institution in Sneads, Florida.  Petitioner names the United States Immigration and Customs Enforcement ("ICE") as the respondent in his Petition.  For the following reasons the Petition is due to be dismissed.

## DISCUSSION

    Petitioner alleges he was charged in Florida state court via a felony information with a drug offense.  Petitioner pled guilty to the charged offense, but contends his guilty plea was involuntary because a federal district court later found the statute under which he was charged unconstitutional.  Petitioner advises that he has challenged his underlying state criminal conviction by filing a Fla. R. Crim. P. 3.850 motion for postconviction relief, which is currently pending in the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida.  Petitioner contends that he is the subject of removal proceedings that have not yet been finalized and that a detainer has

been lodged against him. For relief in the instant petition, Petitioner asks the Court to set a bond hearing, remove the detainer lodged against him by Immigrations and Customs Enforcement ("ICE") and quash the removal proceedings because the underlying state conviction was based upon a Florida statute that was declared unconstitutional by a Florida federal judge.[1] The case is due to be dismissed because the Court does not have subject matter jurisdiction for several reasons.

First, because a writ of habeas corpus functions to grant relief form unlawful custody, jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner. A prisoner in custody of the Florida Department of Corrections, like Petitioner, is not in the custody of the Immigrations and Customs Enforcement ("ICE") even though ICE has filed a detainer. A detainer does not effect Petitioner's status as a sentenced state prisoner but merely notifies prison officials that ICE may take custody of the Petitioner upon his release from state prison. Accordingly, Petitioner is not considered "in custody" for habeas purposes because of the filing of the detainer and, therefore, the Petitioner cannot challenge the ICE detainer by filing a section 2241 habeas corpus petition. *See, e.g., Campillo v.* Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)("The filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus."); Belasco *v. Snyder*, No. 99-3334, 2000 WL 227990, at *1 (8th Cir. Feb. 15, 2000)(*per curiam*)("[w]e conclude that the filing of a detainer with federal prison officials, merely notifying them that the INS will in the future make a decision

---

[1] *See, Shelton v. Secretary, Dept. Of Corrections,* no. 6:07-cv-839-Orl-35-KRS, 2011 WL 3236040 (M.D. Fla. July 27, 2011)(J. Scriven). Most Florida courts, however, have not adopted the view in *Shelton. See, Flagg v. State*, 2011 WL 4865137 (Fla. 1st DCA October 13, 2011).

Case No: 5:11-cv-375-MP-GRJ

regarding [petitioner's] deportation does not create custody supporting habeas corpus jurisdiction"); *Ramirez v. I.N.S.*, 30 Fed. Appx. 510, 511 (6th Cir. 2002)(*per curiam*). Accordingly, this Court cannot consider the Petition despite the detainer lodged against Petitioner by ICE.

Secondly, even assuming, Petitioner was in the custody of ICE – and could satisfy the "in custody" requirement for habeas relief – the Court still would lack subject-matter jurisdiction over the Petition because pursuant to the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (May 11, 2005), Congress eliminated habeas jurisdiction to review most immigration issues. *See,* 8 U.S.C. § 1252(g)("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [relevant provisions of the immigration code]." While Congress has stripped district courts of habeas jurisdiction to consider most immigration issues, district courts retain jurisdiction to review detention in a very narrow class of immigration cases unrelated to a removal proceeding. *Bolante v Achim*, 457 F. Supp. 2d 898, 901 (E.D. Wis. 2006). Those limited circumstances include, for example, jurisdiction to review the indefinite detention of an alien after removal proceedings have been completed, *Clark v. Martinez*, 543 U.S. 371, 379 (2005); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); jurisdiction to review an alien's detention when the government has unreasonably delayed initiating removal proceedings, *Demore v. Kim*, 538 U.S. 510, 528-29 (2003); or when the government has punitively detained an alien independent of removal. *Wong Wing v. United States*, 163 U.S. 228, 237 (1896).

In the instant case none of these circumstances are alleged in the Petition. The

regarding [petitioner's] deportation does not create custody supporting habeas corpus jurisdiction"); *Ramirez v. I.N.S.*, 30 Fed. Appx. 510, 511 (6th Cir. 2002)(*per curiam*). Accordingly, this Court cannot consider the Petition despite the detainer lodged against Petitioner by ICE.

Secondly, even assuming, Petitioner was in the custody of ICE – and could satisfy the "in custody" requirement for habeas relief – the Court still would lack subject-matter jurisdiction over the Petition because pursuant to the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (May 11, 2005), Congress eliminated habeas jurisdiction to review most immigration issues. *See,* 8 U.S.C. § 1252(g)("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [relevant provisions of the immigration code]." While Congress has stripped district courts of habeas jurisdiction to consider most immigration issues, district courts retain jurisdiction to review detention in a very narrow class of immigration cases unrelated to a removal proceeding. *Bolante v Achim*, 457 F. Supp. 2d 898, 901 (E.D. Wis. 2006). Those limited circumstances include, for example, jurisdiction to review the indefinite detention of an alien after removal proceedings have been completed, *Clark v. Martinez*, 543 U.S. 371, 379 (2005); *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); jurisdiction to review an alien's detention when the government has unreasonably delayed initiating removal proceedings, *Demore v. Kim*, 538 U.S. 510, 528-29 (2003); or when the government has punitively detained an alien independent of removal. *Wong Wing v. United States*, 163 U.S. 228, 237 (1896).

In the instant case none of these circumstances are alleged in the Petition. The

Petitioner has not yet been placed into ICE custody and there is no claim by Petitioner that removal proceedings have ended and he is being unreasonably detained.[2]

Accordingly, because Petitioner is not yet in the custody of ICE, and even if he was it is premature to challenge his detention, the Court does not have subject matter jurisdiction to issue a writ of habeas corpus and, therefore, the Petition is due to be dismissed.

## RECOMMENDATION

For the foregoing reasons it is respectfully **RECOMMENDED** this cause be **DISMISSED** for lack of subject matter jurisdiction.

**IN CHAMBERS** this 29th day of November, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

---

[2] Indeed, even if removal proceedings have been completed and Petitioner was challenging his order of removal, jurisdiction to challenge removal proceedings is exclusively reserved to the Circuit Courts of Appeals. 8 U.S.C. § 1252(a)(2)(D), (a)(5), (b)(4), (d).